IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD and BARBARA BALLANTYNE,<br><br>      Plaintiff,<br>v.<br><br>COLONIAL VAN LINES, INC, and UNITED MOVING SOLUTIONS INCORPORATED,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-CV-00640-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant and Crossclaimant Colonial Van Lines (Colonial) moves the court to modify the scheduling order. (ECF No. 35.) Colonial seeks an extension of time to conduct written discovery and to clarify discovery limits set forth in the scheduling order. The court grants the motion as set forth below.[1]

## BACKGROUND

This matter arises from claims made by Plaintiffs against Colonial and United Moving Solutions (United). Plaintiffs are former residents of Salt Lake City, Utah, who hired Defendants to move their household goods to Williamsburg, Virginia. Colonial alleges it contracted with United to transport Plaintiffs' property.

Plaintiffs obtained a certificate of default against United on December 30, 2022. A scheduling order was then entered on January 20, 2023, and United did not provide any initial disclosures by the deadline in the scheduling order. On April 5, 2023, the court denied Plaintiffs'

---

[1] This matter is referred to the undersigned from Judge David Barlow pursuant to 28 U.S.C. 636(b)(1)(A) to determine all nondispositive pretrial matters. (ECF No. 7.) The court decides the motion based on the written memoranda. DUCivR 7-1(g).

motion for default judgment and set aside the default entered against United. (ECF No. 33.) On April 28, 2023, United provided Plaintiffs and Colonial with their initial disclosures. Colonial claims it needs more time for discovery given the delayed participation by United in this case.

## DISCUSSION

The scheduling order in this case provided for minimal discovery with a maximum of 7 interrogatories by any party and 2 depositions for Plaintiffs and Defendants. It also provided for the close of fact discovery on May 31, 2023. (ECF No. 21.) Colonial argues it did not have enough time to consider United's initial disclosures and then serve necessary discovery. Colonial cites to Fed. R. Civ. 16 and its "good cause" standard for modifying a scheduling order.

In contrast, Plaintiffs argue this is a small case, and because Plaintiffs have already agreed to allow their depositions after the discovery deadline, there is no need to move the discovery cut-off to allow for written discovery. Plaintiffs point to Rule 6 and its standard of excusable neglect for extending a deadline "on motion made after the time has expired …." Fed. R. Civ. P. 6(b).

The fact discovery deadline in this case was May 31, 2023. Colonial filed its motion to modify the schedule on May 23, 2023, prior to the discovery deadline. Thus, Rule 16 and not Rule 6, as Plaintiffs advocate, is the proper standard of review for Colonial's motion. Based on the record it is also evident that United's late entry into this case—including its production of initial disclosures—has impacted Colonial's ability to defend Plaintiffs' claims. The court therefore finds good cause to extend the schedule. The court is further persuaded that clarification of the schedule is warranted. With multiple Defendants now in the case, the court is persuaded that the modest discovery requests should be per party and not shared between Defendants. This small increase in discovery will not prejudice Plaintiffs and it will allow this

matter to be more fully decided on the merits. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits."); *Keller v. Alpine Sch. Dist.*, No. 2:19-CV-874 DBP, 2020 WL 2543354, at *1 (D. Utah May 19, 2020) (noting "the procedural posture of this case and the lack of communication between the parties undermines this strong preference" to decide cases on their merits).

## ORDER

Colonial's Motion is GRANTED. The deadlines in the scheduling order are extended by three months from the date of this order.[2] IT IS FURTHER ORDERED that the scheduling order is modified so that discovery limits are per party as requested in Colonial's motion.

IT IS SO ORDERED.

DATED this 13 June 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] The court extends the deadlines by an additional month to help facilitate resolution of this case. The parties are to work together in agreeing to any needed future extensions of the schedule.